IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH VALENZUELA, CLAYTON ADAMS, GUADALUPE LOPEZ, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CANYON COUNTY, DEPUTIES HOOVER, ENGLE, MEZA, et al., <br><br> Defendants. | Case No. CV-06-393-S-BLW (Lead Case) <br> Case No. CV-06-421-S-BLW <br> Case No. CV0-6-422-S-BLW <br><br> **ORDER** |

Pending before the Court is the review of Plaintiffs' Amended Civil Rights Complaint to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 1915. The following Motions filed by Plaintiff Aniceto Betancourt are also pending: (1) Motion for Leave to Proceed *in Forma Pauperis* (Docket No. 66); (2) Motion for Joinder of Cases (Docket No. 70); (3) Motions for Recusal (Docket Nos. 71, 72); and (4) Motion for Reconsideration (Docket No. 77). After reviewing the Amended Complaint, the Court has determined that the group of Plaintiffs who submitted signatures with the Amended Complaint will be authorized to proceed with their civil rights claims. Plaintiffs' request for indigent

**ORDER 1**

filing status will be granted, and the Motion for Joinder of cases and for recusal will be denied.  Additionally, Plaintiff Betancourt's Motion for Reconsideration will be denied.

## BACKGROUND

Plaintiffs in this action are either former or current detainees at the Canyon County Detention Facility (CCD).  After three lawsuits were filed, containing similar allegations against the CCD, Magistrate Judge Boyle appointed the law firm of White Peterson to investigate the allegations.  Plaintiffs alleged that they were exposed to unsanitary conditions, were subject to excessive force and physical harm, and were denied the use of the law library.  The attorneys at White Peterson requested that the results of their investigation be submitted as a confidential status report.  The report showed that some of the individuals who initially expressed a desire to participate as Plaintiffs in this action were no longer interested in participating, and in some cases, the individuals were unable to be located.  The investigation also indicated that one of the initial Plaintiffs is now deceased and that some of the individuals had been deported.

Based on the results of the investigation, the Court dismissed the claims set forth in the consolidated actions for failure to state claims upon which relief could be granted.  Plaintiffs were given leave to file an amended complaint on behalf of

**ORDER  2**

those individuals who intended to proceed as Plaintiffs in the lawsuit.

Plaintiffs filed an Amended Complaint which consists of ninety-seven (97) pages. *Amended Complaint, Docket No. 67.* The Court construes the Amended Complaint to be pages 1-2, 9-17, and *Docket No. 67-6*, p. 1-11. The pages showing Plaintiff Betancourt's medical bills, confidential medical information, and legal research will not be considered part of the Amended Complaint.

The following individuals submitted signature pages for the Amended Complaint: Aniceto Betancourt, Joey Hernandez, Eduardo Nino Alfaro, Rosa M. Villarreal, Simona Manzancrez, Franky Vasquez, Joseph Valenzuela, Daniel Vialet, Carlos Torres, Juan Benito Martinez, Guadalupe Jaramillo, Jose Obregon, Jason Macherchan, Johnny Gonzalez, Christian Lopez, Eric Martinez, and Isaac Puza. The Amended Complaint states that "the other plaintiffs and signatures will be submitted later with a [supplement]." *Id.*, p. 18. It appears that the supplement is attached to the Amended Complaint, beginning at *Docket No. 67-6*, p. 1-29, and it contains the signatures of Jesus De La Rosa, Robert Beerbower, Hugo Torres, Clinton Rush, Noel Solis, and Jose Luis Guzman. The Amended Complaint also contains a list of names for other potential Plaintiffs, but there are no signatures for these individuals. *Docket No. 67-2*, p. 19-20.

The Amended Complaint alleges that Plaintiffs' rights under the First,

**ORDER  3**

Fourth, Eighth and Fourteenth Amendments were violated.  By way of example, the Amended Complaint alleges that Joseph Valenzuela was punched by a Deputy Hoover, and his head was split open.  A Deputy Engle allegedly choked Guadalupe Jarramillo, and CCD employees allegedly threatened to hang Juan Martinez in his cell after he was beaten.  The Amended Complaint also states that CCD inmates were subjected to other kinds of physical abuse, including a rape allegation. Deputy Meza allegedly "was present during the rape" of two inmates.  *Docket No. 67-6*, p. 3.  Hugo Torres was allegedly beaten, harassed, sprayed with mace, and left in a cell with no clothes or blankets.  *Id.*, p. 6.

There are numerous allegations pertaining to the inmates' denial of access to the Courts and the failure to provide a grievance process within the jail.  *Docket No. 67*, p. 9-10.  Plaintiffs also claim that they were subjected to unsanitary conditions at CCD, including blood, urine, and feces on the floor of the jail.  They further allege that diseases are spreading in the jail and that there is inadequate medical care.  *Docket No. 67-6*, p. 18-19.  Plaintiffs assert that their money and property has been stolen while incarcerated at CCD.  *Id.  Id*, p. 19.

## REVIEW OF AMENDED COMPLAINT

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to

**ORDER  4**

determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**Eighth Amendment Claims**

To state a claim under the Eighth Amendment, Plaintiffs must show that they were incarcerated under conditions posing a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiffs must also show that Defendants were deliberately indifferent to the substantial risk of serious harm. Deliberate indifference exists when an official knows of and disregards a condition posing a substantial risk of serious harm or when the official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws the inference. *Id.,* 511 U.S. at 837. The Supreme Court has held that "when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Plaintiffs will be authorized to proceed against Deputies Hoover, Engle, and Meza with the claims involving excessive use of force and exposure to conditions

**ORDER 5**

posing dangerous health hazards to Plaintiffs.

To the extent Plaintiffs claim that they were subjected to verbal harassment, abuse and threats, they will not be allowed to proceed with these claims because they are insufficient to state a constitutional deprivation under § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (allegations that correctional counselor told plaintiff that he would transfer him to a higher custody status unit if he tried to go to the law library and that he would be sorry if he filed a class action suit were not actionable under § 1983); *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (abusive language directed at prisoner's religious and ethnic background not actionable), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008); *Bashale v. Boise Public Library*, 2007 WL 4180684, *2 (D. Idaho 2007) (plaintiff's allegation that he was asked to leave public library because he is a "black African and speaks with an accent" fails to state § 1983 claim).

To prevail on an Eighth Amendment claim regarding prison medical care, Plaintiffs must show that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)). The Supreme Court has opined that "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to

**ORDER  6**

medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.*

> The Ninth Circuit has defined a "serious medical need" in the following ways: failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Mere indifference, medical malpractice, or negligence also will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). A mere delay in treatment does not constitute a violation

**ORDER 7**

of the Eighth Amendment, unless the delay causes serious harm. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

Plaintiffs allege that there has been inadequate medical care for inmates at the CCD. One allegation in particular asserts that an inmate with a heart condition was not given proper treatment, and another inmate was denied mental health treatment. Plaintiffs will be allowed to proceed with this portion of their Eighth Amendment claims against Deputies Hoover, Engle, and Meza.

**Municipal Liability**

Plaintiffs named Canyon County as a Defendant in this action. A local governmental entity may not be sued except where it is alleged that the execution of a government's policy or custom inflicted the injury of which the Plaintiffs complain. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). That is, "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). There is no respondeat superior liability under § 1983. *Id.* Requisite elements of a § 1983 claim against a municipality are the following: (1) the plaintiff was deprived of a constitutional right; (2) the county had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the moving force behind the

**ORDER 8**

constitutional violation.  *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir.1996) (internal quotation marks omitted)).

Plaintiffs allege that the constitutional "violations are becoming imbedded into County procedure and ordinances."  *Docket No. 67-6*, p. 3.  Although the allegations against Canyon County are minimal, Plaintiffs will be allowed to proceed with the Eighth Amendment claims against the municipality.

### First Amendment Standard

Plaintiffs allege that they were denied access to legal research materials and legal documents.  An inmate has a constitutional right to access the courts, *Bounds v. Smith*, 430 U.S. 817, 817, 821, 828 (1977), and may recover for denial of that right in a civil rights lawsuit if he can demonstrate that an actual injury occurred as a result of the alleged denial.  *Lewis v. Casey*, 518 U.S. 343, 354 (1996).  However, the *Lewis* Court noted that the *Bounds* right to access courts covers only a limited type of cases: direct appeals from convictions for which the inmate is incarcerated, habeas petitions, and civil rights actions regarding prison conditions.  *Id.*, 518 U.S. at 354.  "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  Id., 518 U.S. at 355.

**ORDER  9**

Plaintiffs have not alleged actual injury as a result of the alleged denial of access to courts, and therefore, these allegations fail to state a constitutional violation.

Plaintiffs also allege that their legal mail was opened. They are advised that jail officials may open legal mail in the inmate's presence in order to inspect it for contraband. *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974). But jail officials may not open and read the legal mail outside the inmate's presence. The Amended Complaint contains only the bare assertion that the inmates' legal mail was opened, and therefore, it will be dismissed for failure to state a cognizable constitutional claim at this time.

Plaintiffs also allege that Defendants denied them the use of the jail grievance procedure. The Ninth Circuit has held that "[t]here is no legitimate claim of entitlement to a [jail] grievance procedure" under the First Amendment. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), *cert. denied*, 488 U.S. 898 (1988). However, the Ninth Circuit has also held that "the right of meaningful access to the courts extends to established jail grievance procedures." *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). *Bradley* has been narrowly applied to situations where a prisoner has been completely denied the opportunity to use the jail grievance system. The inability to file a claim in federal court because inmates

**ORDER  10**

were denied the use of the jail grievance procedure can give rise to a First Amendment violation; however, there must be a showing of actual injury. *Lewis v. Casey*, 518 U.S. 343, 348 (1996). As set forth above, Plaintiffs failed to allege that any actual injury occurred as a result of the interference with the jail grievance procedure. Therefore, they will not be authorized to proceed with this claim at this point in the case.

### Property Deprivation Claim

Plaintiffs also allege that their property and personal funds were stolen from them while incarcerated in Canyon County. The negligent or intentional unauthorized deprivation of property by prison officials does not state a cognizable cause of action under § 1983 if the prisoner has an adequate state post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Taylor v. Knapp*, 871 F.2d 803, 805-06 (9th Cir.1989), *cert. denied*, 493 U.S. 868 (1989). Idaho has adopted the Idaho Tort Claims Act, I.C. § 6-901, *et seq.*, to provide a remedy for citizens injured by the tortious acts of governmental entities, officials and employees. Because the Idaho Tort Claims Act provides a method whereby Plaintiffs can obtain redress for personal property deprivation, these claims are not of a constitutional magnitude and cannot be heard in federal

**ORDER  11**

court.  Accordingly, Plaintiffs will not be authorized to proceed with these claims.

## PENDING MOTIONS

Plaintiffs filed a motion to proceed *in forma pauperis*, alleging that they were previously declared to be indigent.  The Court presumes that Plaintiffs are referring to indigent status in their criminal cases.  Plaintiff Betancourt filed a separate affidavit of assets, stating that he has no income or assets.   It appears that good cause exists to grant Plaintiffs' request for indigent filing status.  The Court will issue a separate filing fee order, allocating the filing fee among the Plaintiffs.

Plaintiff Betancourt also filed a motion requesting that all of his cases be consolidated, claiming that he has filed at least thirteen lawsuits in the District of Idaho.  *Docket No. 70*.  Plaintiff Betancourt's other lawsuits relate to alleged civil rights violations that occurred during his detention for and subsequent acquittal of criminal charges.  The Court will not consolidate Plaintiff Betancourt's lawsuits into the present action.  The prison conditions arising from Plaintiffs' detention in CCD are sufficiently complex that the Court will not add Betancourt's additional claims to the present action.  In the event Plaintiff Betancourt decides to sever his individual claims relating to Canyon County, then he may file a motion, making this request.   Otherwise, Plaintiffs shall proceed together with their claims

**ORDER  12**

involving prison conditions at CCD.

Plaintiff Betancourt also filed two motions requesting recusal of the Court from this action. Title 28 U.S.C. § 455(a) governs recusal of federal judges. It states, in pertinent part, that a judge should withdraw when "his [or her] impartiality might reasonably be in question," or "where he [or she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a). The test for recusal in the Ninth Circuit is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Milgard Tempering, Inc. v. Selas Corp. of America.*, 902 F.2d 703, 714 (9th Cir. 1990) (internal citation omitted). "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *U.S. v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Based upon the foregoing legal standards, Plaintiff Betancourt has failed to identify an extrajudicial source for the recusal request, and therefore, no factual basis for judicial disqualification or recusal exists.

Finally, Plaintiff Betancourt filed a Motion for Reconsideration of the Court's earlier order, requiring Plaintiffs to file an Amended Complaint. Plaintiffs complied with the Court's directive, and they will be authorized to proceed with specific claims set forth in the Amended Complaint. Therefore, it appears that

**ORDER  13**

Plaintiff's Motion for Reconsideration is now moot.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the named Defendants shall be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days.  If Defendants choose to waive service, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(B).  Accordingly, the Clerk of Court shall forward a copy of pages from the Amended Complaint (Docket No. 67) as set forth above, a copy of this Order, and a Waiver of Service of Summons on behalf of Canyon County and Deputies Hoover, Engle, and Meza to Michael Moore, Esq., MOORE, BASKIN & ELIA, P.O. Box 6756, Boise, ID 83707.  A copy of the same documents shall be sent to Charles Saari, Canyon County Prosecutor, Canyon County Courthouse, 1115 Albany Street, Caldwell, ID 83605.

The Court construes the Amended Complaint to consist of the pages set forth above, and only the Plaintiffs listed herein shall be authorized to proceed  at this time:  Aniceto Betancourt, Joey Hernandez, Eduardo Nino Alfaro, Rosa M. Villarreal, Simona Manzancrez, Franky Vasquez, Joseph Valenzuela, Daniel Vialet, Carlos Torres, Juan Benito Martinez, Guadalupe Jaramillo, Jose Obregon,

**ORDER  14**

Jason Macherchan, Johnny Gonzalez, Christian Lopez, Eric Martinez, Isaac Puza, Jesus De La Rosa, Robert Beerbower, Hugo Torres, Clinton Rush, Noel Solis, and Jose Luis Guzman.  All other Plaintiffs previously listed on the docket in this consolidated action shall be dismissed.

IT IS FURTHER HEREBY ORDERED that counsel for Defendants shall contact the Court's Pro Se Unit at 334-9067 to request a status conference date after they receive the Waiver of Service of Summons.

IT IS FURTHER HEREBY ORDERED that Plaintiffs' Motion for Leave to Proceed *in Forma Pauperis* (Docket No. 66) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Plaintiff Betancourt's Motion for Joinder of Cases (Docket No. 70) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff Betancourt's Motions for Recusal (Docket Nos. 71, 72) are DENIED,

IT IS FURTHER HEREBY ORDERED that Plaintiff Betancourt's Motion for Reconsideration (Docket No. 77) is MOOT.

IT IS FURTHER HEREBY ORDERED that Plaintiff Betancourt shall refrain from filing multiple motions, requesting the same relief.  He is further ordered to refrain from signing Court documents on behalf of the other Plaintiffs in

**ORDER  15**

this action.  Once three motions are pending in this case, no more motions shall be filed until the Court has resolved the pending motions.



DATED: **August 29, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER  16**